UNITED STATES of America,
Plaintiff—Appellee,

v.

Steven Joe McWILLIAMS,
Defendant—Appellant.

No. 03–50211.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 4, 2004.

Submission Withdrawn July 13, 2004.

Resubmitted June 30, 2005.

Timothy D. Coughlin, Esq., Carol Lee, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

David J. Zugman, Esq., Law Offices of David J. Zugman, San Diego, CA, for Defendant–Appellant.

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM *

McWilliams conditionally pled guilty to manufacturing marijuana in violation of 21 U.S.C. § 841(a)(1). He appeals the district court's denial of his motion to dismiss his indictment, arguing that, as applied, § 841(a)(1) regulated activities beyond what is "necessary and proper for carrying into Execution" Congress' regulation of interstate commerce of marijuana, *see* U.S. CONST., art. I, § 8, and thus violates the Ninth and Tenth Amendments. *See* U.S. CONST., amends. IX & X.

■ The Supreme Court's recent holding in *Gonzales v. Raich*, 545 U.S. ——, 125 S.Ct. 2195, —— L.Ed.2d—— (2005), controls this case. The Court held that Congress' regulation of marijuana production for intrastate, medicinal purposes "is squarely within Congress' commerce power because production of the commodity meant for home consumption ... has a substantial effect on supply and demand in the national market for that commodity." *Id.*, 545 U.S. at ——, 125 S.Ct. at 2207. Accordingly, we must reject McWilliams' constitutional arguments.

■ *Raich* also forecloses a second argument urged by McWilliams—that the federal "Controlled Substances Act [CSA] empowers California to decide what constitutes the legitimate practice of Medicine," so that McWilliams' compliance with California's Compassionate Use Act of 1996, Cal. Health & Safety Code § 11362.5,

shields him from criminal liability. Relatedly, he argues that because California and at least eight other states had accepted some medical uses for marijuana, the CSA may not criminalize manufacture of marijuana by classifying that drug as without any medicinal uses. On the contrary, not only has "Congress expressly found that the drug has no acceptable medical uses," *Raich*, 545 U.S. at ——, 125 S.Ct. at 2211, but any "use[ ] for medicinal purposes cannot possibly serve to distinguish it from the core activities regulated by the CSA." *Id.*, 545 U.S. at ——, 125 S.Ct. at 2212. To the extent Congress' opinion on the subject differs from California's, "[t]he Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail." *Id.*, 545 U.S. at ——, 125 S.Ct. at 2212; U.S. CONST., art. VI.

■ Finally, McWilliams argues that the classification of marijuana as a "Schedule I" controlled substance, rather than in a less restrictive classification, is "irrational and [an] undue burden on the rights of patients." McWilliams, however, was convicted for manufacture of marijuana, not use. Anyone who manufactures *any* controlled substance, must, to avoid conviction for illegal manufacture, obtain an annual registration from the Attorney General, 21 U.S.C. § 822(a)(1), something McWilliams did not do. Even if McWilliams is correct that marijuana is illegally classified as a Schedule I drug,[1] McWilliams has neither made any efforts to obtain a § 822(a)(1) registration from the Attorney General, nor shown that, had he made such efforts, the different requirements for manufacturing schedule I drugs, *see* § 823(a), and schedule III, IV, and V drugs, *see*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We know of no Ninth Circuit precedent determining whether marijuana is legally or illegally so classified.

§ 823(d), would have affected his registration application. Changing marijuana's classification would not, therefore, provide grounds to invalidate his indictment, so McWilliams does not have standing to challenge that classification.

Accordingly, the district court's ruling is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.